UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROSA LEE TAYLOR INDIVIDUALLY AND ON BEHALF OF HER DECEASED DAUGHTER, ROSE MARIE TAYLOR | CIVIL ACTION NO. |
| | |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CITY OF ALEXANDRIA, LOUISIANA, MATTHEW FROST, an officer and agent of the City of Alexandria Police Department, Badge No. 677, BRIAN FROST, an officer and agent of the City of Alexandria Police Department, ALEXANDER HELMINGER, an officer and agent of the City of Alexandria Police Department, Badge No.644, and SHERIFF MARK WOOD | MAGISTRATE JUDGE JOSEPH PEREZ-MONTES |
| | JURY DEMANDED |

---

**ORIGINAL COMPLAINT AND JURY TRIAL DEMAND**

---

COME NOW the Plaintiff, Rosa Lee Taylor (hereinafter "Plaintiff RL Taylor")

individually and on behalf of her deceased daughter, Rose Marie Taylor (hereinafter "Plaintiff

RM Taylor), by and through the undersigned attorney, and alleges and avers as follows:

**<u>INTRODUCTION</u>**

1.      This action seeks to vindicate the Plaintiffs' rights under the Constitution of the United

States and the laws of the State of Louisiana. Plaintiff RM Taylor was deprived of those rights by

Defendants Matthew Frost (hereinafter "M. Frost") and Brian Frost (hereinafter "B. Frost"),

who, acting jointly and in concert, executed a seizure of Plaintiff RM Taylor using unreasonable

1

and excessive force in violation of the Fourth Amendment to the United States Constitution, failed to provide adequate medical care in violation of the Fourteenth Amendment to the U.S. Constitution, and unlawfully detained Plaintiff RM Taylor in violation of the Fourth Amendment to the U.S Constitution causing personal injury and damage to the Plaintiffs that includes but is not limited to the death of Plaintiff RM Taylor.

2.      Defendant Helminger's actions constituted failure to provide adequate medical care in violation of the Fourteenth Amendment to the U.S. Constitution.  Defendants M. Frost, B. Frost and Helminger's actions also constituted civil conspiracy.

3.      The actions of the Defendants City of Alexandria, M. Frost, B. Frost and Helminger constituted assault, battery, negligence, and false imprisonment/arrest and detention against Plaintiff RM Taylor, resulting in personal injury and damage to the Plaintiff. These Defendants are also liable to the Plaintiffs for wrongful death and survival actions.

4.      The actions and inactions of Defendants Mark Wood and City of Alexandria constituted deliberately indifferent policies, practices, customs, training, and supervision in violation of the Fourth and Fourteenth Amendments.

5.      The actions of Defendant Mark Wood also constituted negligence, wrongful death, and survival claims under Louisiana law.

6.      For these deprivations and the resulting injuries and damages, the Plaintiff seeks relief under 42 U.S.C. § 1983, 1988 and under the laws of the State of Louisiana.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as it is an action seeking redress under the laws and statutes of the United States for the deprivation of rights secured by the Constitution and laws of the United States.

2

8.     This Court has supplemental jurisdiction over the claims arising under the law of the State of Louisiana under 28 U.S.C. § 1367, as these claims are so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy.

9.     Venue properly lies in the Western District of Louisiana under 28 U.S.C. § 1391(b)(2), as the events giving rise to this action occurred within this District. This action is properly filed in the Alexandria Division of said District as the events at issue occurred within Alexandria, Louisiana.

## PARTIES

10.     Plaintiff, Rosa Lee Taylor is a person of the full age of majority and a resident of Rapides Parish, Louisiana. Plaintiff Rosa Lee Taylor is the mother of Rose Marie Taylor. Plaintiff RM Taylor left no spouse or children after her death, therefore under Louisiana law, her mother Plaintiff RL Taylor is the proper party to bring the following actions.

11.     Made defendants herein are the following:

(1)     **CITY OF ALEXANDRIA, LOUISIANA**, a political subdivision of the State of Louisiana within Rapides Parish, and is empowered under its charter to operate the Alexandria Police Department. The City of Alexandria is the entity having ultimate authority, responsibility and control of the proper hiring, training and supervision of all sworn Police Officers acting under their authority and the color of law. The City of Alexandria is ultimately responsible for all local policies, procedures, practices, decisions and customs employed by its law enforcement officers and for the oversight and funding of the Alexandria Police Department. In all respects set forth in this Complaint, the City of Alexandria acted under color of the law of the State of Louisiana.

(2)     **MATTHEW FROST,** in his individual and official capacities, for actions as a

sworn law enforcement officer with the Alexandria Police Department with Badge No. 677. In all respects set forth in this Complaint, Defendant M. Frost acted within the course and scope of his employment by the Defendant City of Alexandria and under color of the laws of the State of Louisiana,  statutes, ordinances, regulations, policies, customs and uses of the City of Alexandria, and its police department. Upon information and belief, Defendant M. Frost is a person of the full age of majority and a resident of the Parish of Rapides, a person for purposes of 42 U.S.C. § 1983, who can be served at his place of employment, the Alexandria Police Department, 1000 Bolton Ave, Alexandria, LA 71301.

(3)     **BRIAN FROST**, in his individual and official capacities, for actions as a sworn law enforcement officer with the Alexandria Police Department with Badge No. 000. In all respects set forth in this Complaint, Defendant B. Frost acted within the course and scope of his employment by the Defendant City of Alexandria and under color of the laws of the State of Louisiana,  statutes, ordinances, regulations, policies, customs and uses of the City of Alexandria, and its police department. Upon information and belief, Defendant B. Frost is a person of the full age of majority and a resident of the Parish of Rapides, a person for purposes of 42 U.S.C. § 1983.

(4)     **ALEXANDER HELMINGER**, in his individual and official capacities, for actions as a sworn law enforcement officer with the Alexandria Police Department with Badge No. 644. In all respects set forth in this Complaint, Defendant Helminger acted within the course and scope of his employment by the Defendant City of Alexandria and under color of the laws of the State of Louisiana,  statutes, ordinances, regulations, policies, customs and uses of the City of Alexandria, and its police department. Upon information and belief, Defendant Helminger is a person of the full age of majority and a resident of the Parish of Rapides, a person for purposes

4

of 42 U.S.C. § 1983.

(5)    **MARK WOOD**, in his individual and official capacities, who at all times material herein was the duly elected Sheriff of Rapides Parish and the policy maker for the Rapides Parish Sheriff's Office which includes Rapides Parish Detention Center 1, and the person responsible for the proper hiring, training and supervision of all sworn Officers acting under the authority and the color of law for the Rapides Parish Sheriff's Office. Upon information and belief, a person of the full age of majority and a resident of the Parish of Rapides, a person for purposes of 42 U.S.C. § 1983, who can be served at his place of employment, the Rapides Parish Sheriff's Office, 701 Murray Street, Alexandria, LA 71301.

12.    The right of jury trial is herein requested under the Federal Rules of Civil Procedure.

## FACTS

13.    On May 17, 2022 around 2 p.m., Defendants M. Frost and B. Frost with the Alexandria Police Department approached a blue GMC Yukon vehicle in the parking lot of the Siegel Select hotel which is located at 1000 MacArthur Drive, Alexandria, Louisiana. Plaintiff RM Taylor, who is an African-American woman, was seated in the driver's seat while Erica Hilton, a White woman, was standing outside of the vehicle that was parked and not being operated by Plaintiff RM Taylor.

14.    Plaintiff RM Taylor was in the parking lot visiting with her girlfriend Erica Hilton who was a guest at the hotel.

15.    Both Defendants M. Frost and B. Frost were dressed in standard Alexandria Police Department uniform and armed with various weapons including but not limited to firearms. Defendants M. Frost and B. Frost pulled up in the hotel parking lot in unison while in separate police cars and blocked the vehicle that Plaintiff RM Taylor was found in from moving.

5

16.    Defendant M. Frost approached the open, driver's side door of the vehicle and mistakenly referred to Plaintiff RM Taylor as a man. Defendant M. Frost then asked Plaintiff RM Taylor if she had an ID on her. Plaintiff RM Taylor replied no.

17.    Defendant M. Frost told Plaintiff RM Taylor to show him her right hand. Defendant B. Frost then told Defendant M. Frost to have Plaintiff RM Taylor step out of the vehicle.

18.    Defendant M. Frost told Plaintiff RM Taylor again to show him her right hand and then a brief struggle ensued where Defendants M. Frost and B. Frost physically pulled Plaintiff RM Taylor from the vehicle. While Defendant B. Frost was aggressively handcuffing Plaintiff RM Taylor, Plaintiff RM Taylor screamed out in pain that Defendant B. Frost was breaking her wrist.

19.    Defendant B. Frost then pulled Plaintiff RM Taylor, while handcuffed and not actively resisting, and forcefully pushed her chest-first on the hood of his police vehicle. Defendant M. Frost then began to search the person of Plaintiff RM Taylor finding suspected narcotics.

20.    While Plaintiff RM Taylor was standing handcuffed by the police vehicle, Defendant M. Frost pushed her chest-first on the hood of the vehicle while saying "get your ass right back there" after giving Plaintiff RM Taylor no verbal commands to remain on the hood of the police vehicle.

21.    Defendant B. Frost read both Plaintiff RM Taylor and Erica Hilton their Miranda rights. During this time, Plaintiff RM Taylor began to slowly walk away from the vehicle while still handcuffed. Defendant M. Frost then grabbed Plaintiff RM Taylor who did not resist and complied once she was grabbed by Defendant M. Frost. Defendant M. Frost then forcefully slammed Plaintiff RM Taylor chest-first onto the hood of the vehicle causing Plaintiff RM Taylor to cry out in pain.

22.    Defendants M. Frost and B. Frost then forcefully placed Plaintiff RM Taylor into the

back of Defendant M. Frost's police vehicle.

23.    Defendants M. Frost and B. Frost along with other officers with the Alexandria Police Department then began to search the GMC Yukon and also the person of Plaintiff RM Taylor.

24.    Both Defendants M. Frost and B. Frost gave different justifications for their initial detention of Plaintiff RM Taylor. Defendant M. Frost did not give Plaintiff RM Taylor a reason for being detained at the scene but later stated in his report that he was on patrol and saw Plaintiff RM Taylor slumped over in the driver's seat of a GMC Yukon which was parked in a hotel parking lot.  Defendant M. Frost's bodycam footage shows Plaintiff RM Taylor sitting upright in the vehicle when she was approached by Defendant M. Frost. And Defendant B. Frost's bodycam footage shows him stating in response to Plaintiff RM Taylor's questioning that he did not know what she did. Moments later, Defendant B. Frost stated "well, call it loitering."

25.    Defendant M. Frost drove Plaintiff RM Taylor to the Alexandria Police Department. During this drive, Plaintiff RM Taylor and Defendant M. Frost engaged in a heated argument. Plaintiff RM Taylor expressed anger and frustration at being slammed on the hood of the police vehicle "like she was a man." Defendant M. Frost laughed and repeatedly called Plaintiff RM Taylor a "dumb ass" and told her that she was arrested for being a "dumb ass."

26.    Upon arriving at the Alexandria Police Department, while still sitting in the back of Defendant M. Frost's police vehicle, Plaintiff RM Taylor told an unidentified officer with the Alexandria Police Department that Defendant M. Frost had slammed her, taunted her, and laughed at her. Defendant M. Frost then transported Plaintiff RM Taylor to Rapides Parish Detention Center 1, which is located in Alexandria, Louisiana, for booking.

27.    Upon arrival at Rapides Parish Detention Center 1, Plaintiff RM Taylor, while still in the presence of Defendant M. Frost, began to tell the jail staff about how Defendant M. Frost had

slammed and laughed at her. Plaintiff RM Taylor advised Deputies Zoraida Rodriguez, Deputy S. Johnson and other unidentified deputies that she had been slammed and injured by Defendant M. Frost. Plaintiff RM Taylor also notified the deputies about the injury sustained to her wrists but in particular, the injuries sustained to her left hand and wrist. Plaintiff RM Taylor feared her hand/wrist could potentially be broken. Plaintiff RM Taylor told the deputies that she wanted to seek medical attention but that she did not want to go to the hospital with Defendant M. Frost since he was the cause of her injuries.

28.    Both Deputies Rodriguez and S. Johnson advised Plaintiff RM Taylor that she had to go to the hospital with Defendant M. Frost. An unknown deputy can be heard on Defendant M. Frost's bodycam footage telling Plaintiff RM Taylor that the nurse said that Plaintiff RM Taylor had to get medical treatment. Plaintiff RM Taylor presented visible signs of injury including swelling to the deputies. Eventually, a second officer with the Alexandria Police Department, Defendant Alexander Helminger, was called to the jail to take Plaintiff RM Taylor to the hospital.

29.    Defendant Helminger arrived at the door of Rapides Parish Detention Center #1 and Defendant M. Frost brought Plaintiff RM Taylor out of the door while handcuffed.  While Defendant M. Frost was bringing Plaintiff RM Taylor out of the door, she said "no, wait." Defendant M. Frost pushed Plaintiff RM Taylor out of the door. Plaintiff RM Taylor said "see" and said that Defendant M. Frost needs to stop putting his hands on her. Despite Plaintiff RM Taylor already advising the jail staff and Defendant M. Frost about the injuries to her wrist and hands, in particular the left hand, Defendant M. Frost then grabbed Plaintiff RM Taylor's hand and wrists then began to squeeze them aggressively while Plaintiff RM Taylor screamed out in pain. Defendant M. Frost's bodycam footage shows that Plaintiff RM Taylor was handcuffed and

8

not resisting when Defendant M. Frost squeezed the hands and wrists of Plaintiff RM Taylor.

Defendant Helminger had to advise Defendant M. Frost to walk away from Plaintiff RM Taylor.

30.     Defendant Helminger transported Plaintiff RM Taylor from Rapides Parish Detention

Center #1 to Rapides Regional Medical Center in Alexandria, Louisiana.

31.     Prior to arriving at the hospital, Defendant Helminger advised Plaintiff RM Taylor that no

one at the hospital wanted to hear about what Defendant M. Frost had done to her and that the

medical professionals did not want to hear it.

32.     While at the hospital, Defendant M. Frost also arrived although Plaintiff RM Taylor was

previously advised that Defendant Helminger would be the officer to take her to the hospital.

Plaintiff RM Taylor told Defendant Helminger that she did not want Defendant M. Frost to be

present. Defendants Helminger and M. Frost advised the medical staff that Plaintiff RM Taylor

had refused to be treated. Defendant Helminger signed a written refusal of medical care on

behalf of Plaintiff RM Taylor without her consent and Defendant M. Frost signed the document

as a witness.

33.     Defendant Helminger transported Plaintiff RM Taylor back to Rapides Parish Detention

Center #1. During the ride back to the jail, Plaintiff RM Taylor told Defendant Helminger that

she wanted an X-ray done on her arm. Defendant Helminger told Plaintiff RM Taylor that she

"shouldn't have run her mouth and acted like an idiot" and "that's what happens." Defendant

Helminger reminded Plaintiff RM Taylor that he did not want her to go to the hospital and talk

about the abuse she sustained at the hands of Defendant M. Frost. Defendant Helminger told

Plaintiff RM Taylor that "there is no reason to keep crying about it." Defendant Helminger also

told Plaintiff RM Taylor that if she stopped running her mouth then he would be nice. Plaintiff

RM Taylor stated that the officers told the hospital staff that she refused medical treatment but

she did not. Plaintiff RM Taylor stated multiple times in the vehicle that she wanted an x-ray and to be treated. Defendant Helminger then turned the volume of the music up in the vehicle to drown out the pleas of Plaintiff RM Taylor to be treated at the hospital.

34.    While entering Rapides Parish Detention Center #1, Plaintiff RM Taylor told Defendant Helminger that she did not refuse medical treatment and that she did not sign anything. Defendant Helminger responded to her and said that "I did."

35.    Once back at Rapides Parish Detention Center #1, Plaintiff RM Taylor told jail staff employee Deputy Jennifer Green and other unidentified deputies that another officer was supposed to take her to the hospital but Defendant M. Frost was present. Plaintiff RM Taylor advised Deputy Green that she wished to be treated at a hospital.

36.    Plaintiff RM Taylor advised Deputy S Johnson that the officer who abused her was not supposed to be present at the hospital and that Defendants M. Frost and Helminger refused medical treatment on her behalf without her consent. Plaintiff RM Taylor asks Deputy Johnson what if her arm is broken. Defendant Helminger can be heard on his body cam video stating that "that sounds like a personal problem."

37.    Defendant M. Frost delivered the written refusal of medical treatment documents to the nurse at Rapides Parish Detention Center #1. The nurse asked Defendant M. Frost if Plaintiff RM Taylor refused to be treated and Defendant M. Frost falsely stated "Yes, I guess not."

38.    Plaintiff RM Taylor was booked on charges of Resisting an officer, Possession of drug paraphernalia, 2 counts of Possession of CDS 1 less than 2 grams, Possession of CDS 1 2-28 grams, Possession with intent to distribute CDS II 28 grams or more, Possession of CDS IV, and a Probation violation.

39.    On May 19, 2022, Plaintiff RM Taylor was found unresponsive in her cell at Rapides

Parish Detention Center #1 by the jail staff. The deputies believed Plaintiff RM Taylor had overdosed so they administered two doses of 4mg intranasal Narcan. Acadian Ambulance arrived on the scene and Plaintiff RM Taylor was on her left side seizing. Plaintiff RM Taylor had been seizing for eight to ten minutes prior to the arrival of the ambulance workers. After Plaintiff RM Taylor was placed on a stretcher, she lost her pulse. Acadian ambulance staff initiated CPR. The ambulance staff suffered a delay in getting Plaintiff RM Taylor to their unit because the elevator directly to the jail was not in operation. Plaintiff RM Taylor suffered cardiac arrest and blood was observed in her mouth.

40.     Upon arrival at Rapides Regional Medical Center, Plaintiff RM Taylor was placed on mechanical ventilation and her eyes were open but she would not speak. Plaintiff RM Taylor was found to be profoundly acidotic with AKI, shock liver, and severe rhabdomyolysis. Medical staff performed a CT scan which showed an injury consistent with an ischemic injury and a urine drug screen was positive for narcotics. The medical team at Rapides stated that Plaintiff RM Taylor sustained anoxic brain injury and a MRI of the brain showed diffuse cortical ischemia. The medical team at Rapides also observed that Plaintiff RM Taylor had sustained an acute kidney injury. Plaintiff RL Taylor

41.     Plaintiff RL Taylor, who had maintained a close and affectionate relationship with her daughter Plaintiff RM Taylor, had to make the painful decision to give the medical team a do-not resuscitate order.

42.     Plaintiff RM Taylor died on May 30, 2022 around 9:35 p.m.

43.     On June 2, 2022, Dr. Christopher Tape performed an autopsy on the body of Plaintiff RM Taylor. Dr. Tape found the following internal injuries in the body of Plaintiff RM Taylor: an adrenal hematoma on left and a healing renal capsule laceration on left with local hemorrhage

and pale kidneys. In addition, Dr. Tape found the following external injuries: healing linear abrasions on both wrists and contusions on her left hand MCP's with a swollen hand.

44.    Dr. Tape's autopsy opinion states that an adrenal hematoma can cause death by causing severe adrenal insufficiency and adrenal insufficiency is an abnormally low cortisol level which can lead to a fatal drop in blood pressure. Dr. Tape found that Plaintiff RM Taylor's pale kidneys are consistent with hypoperfusion. Additionally, Dr. Tape found that the hematoma is unilateral and that there is a roughly adjacent healing renal capsule laceration indicating that the cause of the hematoma is blunt force injury or injuries.

45.    Dr. Tape found that the cause of Plaintiff RM Taylor's death was complications due to blunt force injuries with contributions of hypertensive atherosclerotic cardiovascular disease and obesity. Dr. Tape also found that the manner of Plaintiff RM Taylor's death was a homicide.

46.    Defendants M. Frost and B. Frost directly caused the death of Plaintiff RM Taylor due to the blunt force injuries they inflicted on her during her arrest as described herein.

47.    Upon information and belief, Defendant B. Frost is a former employee of the Rapides Parish Sheriff's Office who was terminated on or about July 1, 2019 as a part of an investigation into payroll fraud during the state funded "Safe and Sober" campaign. Upon information and belief, Defendant City of Alexandria was aware of this ground for termination when hiring Defendant B. Frost as an officer with the Alexandria Police Department.

### FIRST CLAIM FOR RELIEF

**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments**

**(Against Defendants M. Frost and B. Frost)**

48.    The Plaintiffs re-allege and incorporate by reference the allegations in ¶¶ 1-47

49.    Plaintiff RL Taylor brings this claim for relief as legal beneficiaries and survivor of the

decedent, Plaintiff RM Taylor.

50.    In the course of executing the seizure of Plaintiff RM Taylor, Defendants M. Frost and B. Frost used excessive and unreasonable force which resulted in physical and emotional injuries as well as the death of Plaintiff RM Taylor, thereby depriving Plaintiff RM Taylor of her rights under the Fourth Amendment to the United States Constitution.

51.    Plaintiffs show that the injuries to, and death of, Plaintiff RM Taylor resulted directly from the use of force applied on the body of Plaintiff RM Taylor by Defendants M. Frost and B. Frost.

52.    Defendants M. Frost and B. Frost  unlawfully seized Plaintiff RM Taylor by means of objectively unreasonable, excessive and shocking physical force, thereby unreasonably restraining Plaintiff RM Taylor of her freedom.

53.    In conducting the seizure of the Plaintiff RM Taylor,  Defendants M. Frost and B. Frost acted under color of the law of the State of Louisiana.

54.    In addition,  at all times relevant to this claim, Defendants M. Frost and B. Frost acted pursuant to municipal custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff RM Taylor.

55.    At the time of the complained of events, Plaintiff RM Taylor had a clearly established constitutional right under the Fourth Amendment to be secure in her person from unreasonable seizure through excessive force.

56.    Plaintiff RM Taylor also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

57.    Any reasonable police officer knew or should have known of these rights at the time of

the complained of conduct as they were clearly established at that time.

58.     Defendants M. Frost and B. Frost's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Plaintiff RM Taylor.

59.     At the time of the complained of conduct, Plaintiff RM Taylor was handcuffed posing no threat to officer safety nor posing a realistic flight risk.

60.     In employing excessive and unreasonable force, Defendants M. Frost and B. Frost acted with malicious and/or reckless, callous, and deliberate indifference to the rights of Plaintiff RM Taylor under the Fourth Amendment to the United States Constitution. The force used by Defendants M. Frost and B. Frost shocks the conscience and violated the Fourteenth Amendment rights of Plaintiff RM Taylor.

61.     Defendants M. Frost and B. Frost  acted with shocking and willful indifference to Plaintiff RM Taylor's rights and their conscious awareness that they would cause Plaintiff RM Taylor severe physical and emotional injuries.

62.     Defendants M. Frost  and B. Frost are not entitled to qualified immunity for the complained of conduct.

63.     As the proximate result of the aforesaid actions, policies, customs and practices of the Defendants, Plaintiff RM Taylor sustained significant physical and emotional harm that directly led to her death.

64.     The Defendants acted with reckless and callous indifference in depriving the Plaintiff of her Fourth Amendment rights.

65.     As a result of the deprivations of the Plaintiff's Fourth Amendment rights by Defendants M. Frost and B. Frost, Plaintiff RM Taylor suffered physical and emotional damages for which

she is entitled to relief against the Defendants under 42 U.S.C. § 1983. Plaintiff RM Taylor is also entitled to wrongful death and survival damages under 42 U.S.C. § 1983.

66.    Damages claimed by the Plaintiffs in a survival action are as follows:

    A.  Plaintiff RM Taylor's damages for physical pain and suffering; anguish and enjoyment of life;

    B.  Plaintiff RM Taylor's damages for apprehension and fear of death; and

    C.  Plaintiff RM Taylor's damages for fright, fear, and mental anguish while an ordeal is in progress;

67.    Damages claimed by Plaintiff RL Taylor in a wrongful death action are as follows:

    A.  Loss of love, affection and society;

    B.  Loss of enjoyment of life;

    C.  Mental anguish and grief;

    D.  Any medical, psychological or social professional services rendered as related to Plaintiff RM Taylor''s death prior to trial or as may be needed after trial;

    E.  Funeral and burial expenses;

    F.  Medical, hospital, and related healthcare expenses for Plaintiff RM Taylor.

## SECOND CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 – Failure to Provide Medical Care in violation of the Fourteenth Amendment.**

**(Against Defendants M. Frost, B. Frost, and Helminger)**

68.    Plaintiffs hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

69.    Plaintiff RL Taylor brings this claim for relief as legal beneficiaries and survivor of the

decedent, Plaintiff RM Taylor.

70.    An arrestee's complaint for denial of medical care is judged under the same standard that is applied to a pre-trial detainee.

71.    Plaintiff RM Taylor had a fundamental and clearly established right under the Due Process Clause of the Fourteenth Amendment to be provided "with basic human needs, including medical care."

72.    Defendants M. Frost, B. Frost, and Helminger acted with "subjective deliberate indifference" to Plaintiff's RM Taylor's need for medical care. At the time of the complained of events, Defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn, the Defendants actually drew that inference, and Defendants' responses indicated that they subjectively intended that harm to occur.

73.    Defendants M. Frost, B. Frost, and Helminger at all times relevant hereto, were acting under the color of state law in their capacity as Alexandria Police Department officers and their acts or omissions were conducted within the scope of their official duties or employment.

74.    Defendants M. Frost  and B. Frost are not entitled to qualified immunity for the complained of conduct.

75.    As the proximate result of the aforesaid actions, policies, customs and practices of the Defendants, Plaintiff RM Taylor sustained significant physical and emotional harm that directly led to her death.

76.    Upon information and belief, Plaintiff RM Taylor's chances for survival would have increased had she received proper and immediate medical treatment.

77.    As a result of the deprivations of the Plaintiff's Fourteenth Amendment rights by Defendants M. Frost, B. Frost, and Helminger,  Plaintiff RM Taylor suffered physical and

emotional damages for which she is entitled to relief against the Defendants under 42 U.S.C. § 1983. Plaintiff RM Taylor is also entitled to wrongful death and survival damages under 42 U.S.C. § 1983 as described above.

### THIRD CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 – Unlawful Detention**

**(Against Defendants M. Frost and B. Frost)**

78.    Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

79.    Plaintiff RL Taylor brings this claim for relief as legal beneficiaries and survivor of the decedent, Plaintiff RM Taylor.

80.    Defendants pulled up in the hotel parking lot in separate police cars and blocked the vehicle that Plaintiff RM Taylor was found in from moving. Both Defendants were armed, law enforcement officers. Defendant M. Frost approached her vehicle and demanded to see identification. Based on these circumstances, Plaintiff RM Taylor was seized under the Fourth Amendment because a reasonable person would not have felt that they were free to leave under those circumstances.

81.    Defendants M. Frost and B. Frost lacked any reasonable suspicion or probable cause that Plaintiff RM Taylor was involved in criminal activity when they initially detained her in the hotel parking lot in violation of Plaintiff RM Taylor's clearly established rights under the Fourth Amendment to be free from unreasonable seizures.

82.    Defendants M. Frost and B. Frost, at all times relevant hereto, were acting under the color of state law in their capacity as Alexandria Police Department officers and their acts or omissions were conducted within the scope of their official duties or employment.

17

83.    Defendants pulled up in the hotel parking lot in separate police cars and blocked the vehicle that Plaintiff RM Taylor was found in from moving. Both Defendants were armed, law enforcement officers. Defendant M. Frost approached the vehicle and demanded to see Plaintiff RM Taylor's identification. Based on these circumstances, Plaintiff RM Taylor was seized under the Fourth Amendment because a reasonable person would not have felt that they were free to leave under those circumstances.

84.    Defendants M. Frost  and B. Frost are not entitled to qualified immunity for the complained of conduct.

85.    As the proximate result of the aforesaid actions, policies, customs and practices of the Defendants, Plaintiff RM Taylor sustained significant physical and emotional harm that directly led to her death.

86.    The Defendants acted with reckless and callous indifference in depriving the Plaintiff of her Fourth Amendment rights.

87.    As a result of the deprivations of the Plaintiff's Fourth Amendment rights by Defendants M. Frost and B. Frost, Plaintiff RM Taylor suffered physical and emotional damages for which she is entitled to relief against the Defendants under 42 U.S.C. § 1983. Plaintiff RM Taylor is also entitled to wrongful death and survival damages under 42 U.S.C. § 1983 as described above.

**<u>FOURTH CLAIM FOR RELIEF</u>**

**Violation of 42 U.S.C. § 1983 – Civil Conspiracy**

**(Against Defendants M. Frost, B. Frost, and Helminger)**

88.    Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

89.    Defendants M. Frost, B. Frost, and Helminger conspired to violate Plaintiff RM Taylor's

clearly established constitutional right under the Fourth Amendment to be secure in her person from unreasonable seizure through excessive force. Defendants acted jointly and committed an overt act in furtherance of the conspiracy.

90.    Defendants M. Frost and Helminger conspired to violate Plaintiff RM Taylor's fundamental and clearly established right under the Due Process Clause of the Fourteenth Amendment to be provided "with basic human needs, including medical care." Defendants acted jointly and committed an overt act in furtherance of the conspiracy.

91.     Defendants M. Frost, B. Frost, and Helminger at all times relevant hereto, were acting under the color of state law in their capacity as Alexandria Police Department officers.

92.    As a result of the deprivations of Plaintiff RM Taylor's constitutional rights by Defendants M. Frost, B. Frost, and Helminger, Plaintiff RM Taylor suffered physical and emotional damages including death for which she is entitled to relief against the Defendants under 42 U.S.C. § 1983. Plaintiff RM Taylor is also entitled to wrongful death and survival damages under 42 U.S.C. § 1983 as described above.

## FIFTH CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendments.**

**(Against Defendants City of Alexandria and Sheriff Mark Wood)**

93.    Plaintiffs hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

94.    Plaintiff RL Taylor brings this claim for relief as legal beneficiary and survivor of the decedent, Plaintiff RM Taylor.

95.    Defendant City of Alexandria knew or should have known that at the time of the

complained of conduct, Plaintiff RM Taylor had clearly established constitutional rights under the Fourth Amendment to be secure in her person from unreasonable seizure through excessive force and under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement as these rights at the time of the complained of conduct were clearly established at that time.

96.    Defendants City of Alexandria and Mark Wood knew or should have known that at the time of the complained of conduct, Plaintiff RM Taylor had clearly established constitutional rights under the Fourteenth Amendment to be provided "with basic human needs, including medical care" as these rights were clearly established at that time.

97.    The acts or omissions of Defendants as described herein deprived and intentionally deprived Plaintiff RM Taylor of her constitutional and statutory rights and caused her damages.

98.    The deprivation of Plaintiff RM Taylor's rights under the Fourth and Fourteenth Amendments resulted from and were caused by a policy, custom and/or practice of Defendant City of Alexandria, in that the decision to employ unreasonable and excessive force by Defendants M. Frost and B. Frost and Stroud resulted from (a) the Defendant City of Alexandria and its Police Department's inadequacy of police training with respect to the manner in which police conduct arrests, and/or (b) a custom and practice of the Defendant City of Alexandria and its Police Department to condone and fail to discipline police officers for using excessive and unreasonable force in the course of arresting and seizing persons. The Defendant City of Alexandria's policy, practice and custom of failing to train and/or condoning the use of excessive force by officers of the City of Alexandria Police Department amounts to deliberate indifference to the rights of persons who police come in contact with.

99.    The deprivation of Plaintiff RM Taylor's rights under the Fourteenth Amendment

resulted from and were caused by a policy, custom and/or practice of Defendants City of Alexandria and Mark Wood, in that the decision to act with subjective, deliberate indifference to the medical needs of Plaintiff RM Taylor by Defendants M. Frost and B. Frost and Helminger along with Rapides Parish Sheriff's Office employees Zoraida Rodriguez, Jennifer Green, S. Johnson and other unidentified deputies resulted from (a) the Defendants City of Alexandria and Mark Wood's inadequacy of police training with respect to the manner in which police handle arrestees who need medical treatment, and/or (b) a custom and practice of the Defendant City of Alexandria and its Police Department as well as Mark Wood and the Rapides Parish Sheriff's Office to condone and fail to discipline police officers for failing to provide reasonable medical care to arrestees and/or pretrial detainees. The Defendants' policy, practice and custom of failing to train and/or condoning the failure to seek reasonable medical care for pretrial detainees amounts to deliberate indifference to the rights of persons who police come in contact with.

100.    Further, Plaintiffs specifically allege Defendant, City of Alexandria, and Defendant Wood condoned the establishment of practices, procedures, customs, and policies, written and unwritten, which allowed the deprivation of Plaintiff's constitutional rights as set out herein. Such written and unwritten practices, procedures, customs, and policies include but are not limited to:

a. Inadequate and improper training, education, supervision, and discipline of law enforcement agents/officers/deputies commissioned and employed by it;

b. Condoning, not effectively disciplining, and allowing police behavior that has been declared unconstitutional and unlawful; and,

c. Inadequate and improper procedures, policies, and practices for identifying and taking appropriate action against law enforcement agents/officers/deputies and employees who are in

need of re-training, corrective measures, re-assignment, or other disciplinary and non-disciplinary actions through a positive and early warning system designed to prevent the violations of citizens' constitutional and civil rights, including those of Plaintiff RM Taylor.

101.    Defendants are not entitled to qualified immunity for the complained of conduct.

102.    Defendant City of Alexandria was, at all times relevant, the policymaker for the Alexandria Police Department, and established policies, procedures, customs, and/or practices for the same.

103.    Defendant Mark Wood was, at all times relevant, the policymaker for the Rapides Parish Sheriff's Office which includes Rapides Parish Detention Center 1, and established policies, procedures, customs, and/or practices for the same.

104.    Defendants City of Alexandria and Mark Wood developed, promoted and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff RM Taylor's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

105.    The policy of condoning, ratifying, and/or failing to prevent the excessive and/or unnecessary use of force by Alexandria Police Officers is a constitutionally deficient custom, policy, practice, and/or usage that repudiates the constitutional rights of persons such as Plaintiff and there is a direct causal connection between the custom, policy, practice, and/or usage and these constitutional deprivations.

106.    The policy of condoning, ratifying, and/or failing to provide reasonable medical care to detainees by deputies employed with the Rapides Parish Sheriff's Office is a constitutionally

deficient custom, policy, practice, and/or usage that repudiates the constitutional rights of persons such as Plaintiff and there is a direct causal connection between the custom, policy, practice, and/or usage and these constitutional deprivations.

107.    As a direct result of the Defendants' actions, Plaintiff RM Taylor has suffered actual physical and emotional injuries including death, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' actions, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

**LOUISIANA CLAIMS FOR RELIEF**

**<u>SIXTH CLAIM FOR RELIEF</u>**

**NEGLIGENCE - Louisiana Claim for Relief**

**(Against all Defendants)**

108.    Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

109.    Plaintiffs show that the injuries to and death of Plaintiff RM Taylor was caused by the gross and ordinary negligence and fault of defendants, City of Alexandria, M. Frost, B. Frost and Helminger.

110.    Plaintiff RL Taylor brings this claim for relief as legal beneficiary and survivor of the decedent, Plaintiff RM Taylor.

111.    At all times material and present, Defendants M. Frost, B. Frost, and Helminger were

acting within the course and scope of their employment with the Alexandria Police Department, and therefore, the Defendant City of Alexandria is vicariously liable pursuant to Louisiana state law for the negligent acts committed by its employees, Defendants M. Frost, B. Frost, and Helminger.

112.    Upon information and belief, negligent acts of Defendants City of Alexandria, M. Frost, B. Frost, and Helminger, complained of herein are as follows:

A. Use of excessive force on a handcuffed arrestee who was compliant at the time that the force occurred;

B. Acting individually, and in concert, to use excessive force in the apprehension, detention and arrest of Plaintiff RM Taylor;

C. Failure to safely handcuff an arrestee;

D. Violating Article 1 Sec. 5 of the Louisiana Constitution and Louisiana Code of Criminal Procedure Article 215.1 by detaining Plaintiff RM Taylor with no reasonable suspicion that Plaintiff RM Taylor was committing, had committed, or was about to commit an offense;

E.  Violating Article 1 Sec. 5 of the Louisiana Constitution and Louisiana Code of Criminal Procedure Article 215.1 by frisking and searching the person of Plaintiff RM Taylor during an illegal stop and detention.

F.  Failure to provide reasonable medical care to Plaintiff RM Taylor;

G. Failure to advise nursing staff at Rapides Parish Detention Center 1 that Defendant Helminger refused medical treatment on behalf Plaintiff RM Taylor and that Plaintiff RM Taylor still wished to receive medical treatment;

H. Refusal to allow Plaintiff RM Taylor to be treated at the hospital outside of the presence of Defendant M. Frost whom Plaintiff RM Taylor complained had assaulted her;

I.  Signing written refusal of medical treatment on behalf of Plaintiff RM Taylor without her consent.

J.  Causing the death of Plaintiff RM Taylor by the use of excessive force

K. Causing the death of Plaintiff RM Taylor by failing to provide her with reasonable medical care.

113.    Plaintiffs are informed and believed, and on the basis of such information and belief, allege, that Defendant City of Alexandria committed the following negligent acts and also acted with indifference, negligence, and disregard for the safety, security, and constitutional and statutory rights of the Plaintiffs did maintain, enforce, tolerate, permit, acquiesce in, and apply policies, practices, or customs and usages of, among other things:

A. Failing to adequately train, supervise, and control employees in the use of force during an arrest;

B. Failing to adequately train, supervise, and control employees in the use of force during an arrest.

C. Failing to adequately train, supervise, and control employees in the detainment of citizens without the appropriate reasonable suspicion that an offense is being committed, was committed, or about to be committed.

D. Failing to adequately train, supervise, and control employees in providing for the medical treatment of arrestees injured during an arrest.

E. Negligently hiringDefendant B. Frost.

114.    Plaintiffs further show that the injuries to and death of Plaintiff RM Taylor was caused by the gross and ordinary negligence and fault of Defendant Mark Wood.

115.    At all times material and present, relevant employees and deputies of Rapides Parish

Detention Center 1 were acting within the course and scope of their employment with the Rapides Parish Sheriff's Office, and therefore, Defendant Mark Wood is vicariously liable pursuant to Louisiana state law for the negligent acts committed by his employees.

116.    Upon information and belief, negligent acts of Defendants Mark Wood, complained of herein are as follows:

A.  Failure to provide reasonable medical care to Plaintiff RM Taylor;

B.  Failure to provide medical care for Plaintiff RM Taylor after she informed booking officers that she had not been treated at the hospital while with officers of the Alexandria Police Department and after Plaintiff RM Taylor stated that she been physically slammed by officers and also that she suffered a hand/wrist injury that potentially consisted of a broken hand/wrist;

C.  Failure to adequately train, supervise, and control employees to assess any injuries at the booking of pretrial detainees and to provide for their medical care.

D.  Causing the death of Plaintiff RM Taylor by failing to provide her immediate medical care.

<u>**SEVENTH CLAIM FOR RELIEF**</u>

**WRONGFUL DEATH AND SURVIVAL ACTION- Louisiana Claims for Relief**

**(Against all Defendants)**

117.    Plaintiffs show that as a direct result of the actions and/or inactions of the City of Alexandria, Defendant M. Frost, Defendant B. Frost, Defendant Helminger, and Defendant Mark Wood, the Plaintiffs sustained losses and injuries consisting of wrongful death and survival damages as set in La. Civil Code Arts. 2315, 2315.1, 2315.2 et seq, physical injuries, mental and emotional injuries, and stress as well as economic loss and loss of support which entitles the

plaintiffs to recover from the defendants for the damages that they have sustained.

118.    Damages claimed by the Plaintiffs in a survival action are as follows:

     A.    Plaintiff RM Taylor's damages for physical pain and suffering; anguish and enjoyment of life;

     B.    Plaintiff RM Taylor's damages for apprehension and fear of death; and

     C.    Plaintiff RM Taylor's damages for fright, fear, and mental anguish while an ordeal is in progress;

119.    Damages claimed by Plaintiff RL Taylor in a wrongful death action are as follows:

     A.    Loss of love, affection and society;

     B.    Loss of enjoyment of life;

     C.    Mental anguish and grief;

     D.    Any medical, psychological or social professional services rendered as related to Plaintiff RM Taylor's death prior to trial or as may be needed after trial;

     E.    Funeral and burial expenses;

     F.    Medical, hospital, and related healthcare expenses for Plaintiff RM Taylor.

## EIGHTH CLAIM FOR RELIEF

### ASSAULT AND BATTERY - Louisiana Claims for Relief

### (Against Defendants City of Alexandria, M. Frost, and B, Frost)

120.    Plaintiff RM Taylor hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

121.    Plaintiff RL Taylor brings this claim for relief as legal beneficiary and survivor of the decedent, Plaintiff RM Taylor.

122.    Defendants M. Frost and B. Frost assaulted and battered Plaintiff RM Taylor, in violation

of Louisiana state law, specifically, La. C.C. art. 2315, et seq. Defendants M. Frost and B. Frost intentionally made a harmful and offensive contact with the person of Plaintiff RM Taylor and the Defendants also placed Plaintiff RM Taylor in reasonable apprehension of receiving such contact.

123.    At all times material and present, Defendants M. Frost and B. Frost were acting within the course and scope of their employment with the Alexandria Police Department, and therefore, the Defendant City of Alexandria is vicariously liable pursuant to Louisiana state law for the assault and battery committed by its employees, Defendants M. Frost and B Frost.

124.    As a result of the assault and battery, Plaintiff RM Taylor suffered damages for which she is entitled to relief under the laws of the State of Louisiana against the Defendants.

## NINTH CLAIM FOR RELIEF

### FALSE ARREST/IMPRISONMENT AND DETENTION - Louisiana Claims for Relief

### (Against Defendants City of Alexandria, M. Frost, and B, Frost)

125.    Plaintiff RM Taylor hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

126.    Plaintiff RL Taylor brings this claim for relief as legal beneficiary and survivor of the decedent, Plaintiff RM Taylor.

127.    Defendants City of Alexandria, M. Frost, and B. Frost are liable under Louisiana law to the Plaintiffs for false imprisonment and false arrest. Defendants are also liable for unlawful detention by violating Article 1 Sec. 5 of the Louisiana Constitution and Louisiana Code of Criminal Procedure Article 215.1 by detaining Plaintiff RM Taylor with no reasonable suspicion that Plaintiff RM Taylor was committing, had committed, or was about to commit an offense.

128.    At all times material and present, Defendants M. Frost and B. Frost were acting within

the course and scope of their employment with the Alexandria Police Department, and therefore, the Defendant City of Alexandria is vicariously liable pursuant to Louisiana state law for the assault and battery committed by its employees, Defendants M. Frost and B Frost.

129.     As a result of the false arrest, false imprisonment and unlawful detention, Plaintiff RM Taylor suffered damages for which she is entitled to relief under the laws of the State of Louisiana against the Defendants.

## PRAYER FOR RELIEF

130.     Plaintiff RM Taylor prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

a. Compensatory and consequential damages,including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

b. Wrongful death and survival damages;

c. Economic losses on all claims allowed by law;

d. Special damages in an amount to be determined at trial;

e. Punitive damages on all claims allowed by law against individual Defendants Matthew Frost, Brian Frost, and Alexander Helminger in an amount to be determined at trial;

f. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988. including expert witness fees, on all claims allowed by law;

g. Pre- and post-judgment interest at the lawful rate; and,

h. Any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

## PLAINTIFF REQUESTS A TRIAL BY JURY

Dated: <u>May 16, 2023</u>

Respectfully Submitted,

s/ Jermaine L. Harris

_____
Jermaine L. Harris
La. Bar #34299
Jermaine Harris Law Firm LLC
618A Murray Street
Alexandria, LA 71301
Phone: (318) 290-3345
Fax: (318) 445-7047
Email: jermaineharrislawfirm@gmail.com
**Attorney for Plaintiff Rosa Lee Taylor individually and on behalf of Plaintiff Rose Marie Taylor**